# UNITED STATES DISTRICT COURT
for the
__Eastern__ District of _Richmond_ ▼

_____Civil_____ Division

FILED
JUN 28 2021
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

Paul Goldman

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.  3:21 cv 420
*(to be filled in by the Clerk's Office)*

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

See Attached

Jury Trial: *(check one)*  ☐ Yes  ☑ No

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Paul Goldman |
   | Street Address | 4414 Grove Avenue |
   | City and County | Richmond |
   | State and Zip Code | Virginia, 23221 |
   | Telephone Number | 804 833 6313 |
   | E-mail Address | Goldmanusa@aol.com |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | Ralph Northam |
| Job or Title (if known) | Governor of Virginia |
| Street Address | 111 East Broad Street |
| City and County | Richmond |
| State and Zip Code | VA 23219 |
| Telephone Number | 804 786 2211 |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | Virginia State Board of Elections |
| Job or Title (if known) | n/a |
| Street Address | 1100 Bank Street |
| City and County | Richmond |
| State and Zip Code | VA 23219 |
| Telephone Number | 804 864 8901 |
| E-mail Address (if known) | |

Defendant No. 3

| | |
|---|---|
| Name | Robert Brink |
| Job or Title (if known) | Chair, Virginia State Board of Elections |
| Street Address | 1100 Bank Street |
| City and County | Richmond |
| State and Zip Code | VA 23221 |
| Telephone Number | 804 864 8901 |
| E-mail Address (if known) | |

Defendant No. 4

| | |
|---|---|
| Name | SEE ATTACHED FOR ADDITIONAL DEFENDANTS |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.  Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✔] Federal question          [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.  If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
Article 1, Section 2 of the United States Constitution

### B.  If the Basis for Jurisdiction Is Diversity of Citizenship

1.  The Plaintiff(s)

    a.  If the plaintiff is an individual
        The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b.  If the plaintiff is a corporation
        The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.  The Defendant(s)

    a.  If the defendant is an individual
        The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

    b.    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.
Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    **The Amount in Controversy**

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

SEE ATTACHED Complaint document. In summary, as stated the attached document, this instant matter is a redistricting case most legally similar to Cosner v Dalton, Fed. Supp. 522 (1981), decided by this Court. 1981, as here in 2021, was a redistricting year with a General Election to be held in November to choose all the 100 members to the Virginia House of Delegates. In Cosner, this Court ruled that Virginia had failed to comply with the applicable federal and state constitution provisions required of the state in a redistricting year. As the instant complaint shows, the state of Virginia concedes it will hold an election this November in violation of the constitutional requirements as laid out in Cosner.
ccOMcOa

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

SEE ATTACHED Complaint document. In sum, the instant case is controlled by Cosner. Plaintiff is merely seeking the Court to impose the Cosner relief. To wit: declare that the term of those elected in November in admittedly unconstitutional state legislative districts will be for only one year, not the normative two years and fuethermore, order the state to hold another election for the 100 members of the House of Delegates in November of 2022, per the Cosner opinon.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 06/25/2021

Signature of Plaintiff

Printed Name of Plaintiff: Paul Goldman

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Paul Goldman
P.O. Box 17033
Richmond, Virginia 23226
"Plaintiff in Pro Per"
(804) 833-6313
Goldmanusa@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| Paul Goldman )<br>Pro se )<br>　　　　　　　　Plaintiff, )<br>v. )<br>Ralph Northam, Governor of Virginia, in his )<br>official capacity )<br>Virginia State Board of Elections )<br>Robert Brink, Chairman of the State Board )<br>of Elections, in his official capacity )<br>John O'Bannon, Vice Chair of the State )<br>Board of Elections, in his official capacity )<br>Jamilah D. LeCruise, Secretary of the State )<br>Board of Elections, in her official capacity )<br>Christopher Piper, Commissioner of the )<br>State Board of Elections, in his official )<br>capacity )<br>Jessica Bowman, Deputy Commissioner of )<br>the State Board of Elections, in her official )<br>capacity )<br>　　　　　　　　Defendants. ) | Case No:<br><br>COMPLAINT FOR DECLATORY JUDGMENT |

**INTRODUCTION**

1. While the normative redistricting case is complex both legally and factually, this instant matter when boiled down to the relevant essentials, merely asks whether the remedy applied by this Court in *Cosner v Dalton,* 522 F. Supp. 350 (1981) remains good law in Virginia.

2. In *Cosner,* the Court faced a situation where the upcoming 1981 general election in the Commonwealth of Virginia for the House of Delegates, would be held under an "unconstitutional" redistricting plan. Id at 363.

3. The Court decided it would be "impractical" to expect the General Assembly to produce a constitutionally acceptable plan in time to "accommodate an election on November 3" (the date set by the Constitution of Virginia for the required general election). Id at 364.

4. However, the Court found that "Virginia citizens are entitled to vote as soon as possible for their representatives under a constitutional apportionment plan." Id.

5. Accordingly, the court said it would "limit the terms of members of the House of Delegates elected in 1981 to one year" even though the Constitution of Virginia says a term is for two years.

6. The Court further ordered "state election officials to conduct a new election in 1982 for the House of Delegates" under a constitutional redistricting plan, the Court saying it would produce such a plan if the General Assembly failed to do so.

7. In effect, this required the state to hold a general election to elect members to the House of Delegates in 1981, 1982 and 1983.

8. Such consecutive elections were indeed held.

9. Upon information and belief, no state official ever suggested three consecutive elections put an unfair hardship on either the state or any citizen hoping to run for said office or damage the First Amendment rights of citizens to support such candidates.

10. While the precise circumstances here in 2021 are not identical, the totality of the circumstances is legally equivalent.

11. As in 1981, 2021 is a redistricting year.

12. As in 1981, the state constitution, along with the federal constitution, expects this year's general election for members of the House of Delegates to be held under a new redistricting plan, enacted in conformity with the requisite constitutional requirements.

13. As in 1981, the process created by Virginia constitutional and statutory law has failed to produce such a redistricting plan.

14. As in 1981, upon information and belief, there is no practical reason to believe the constitutionally required redistricting plan can be enacted in time to make a *Cosner* styled remedy unnecessary.

15. Unlike in 1981, state officials have not even tried to enact a constitutionally acceptable redistricting plan in time for the upcoming November 2021 general election.

16.     Accordingly, this instant matter boils down to one overriding issue: to wit, should the terms of those elected to the House of Delegates this coming November be limited to one year??

## JURISDICTION AND VENUE

17.     This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. 1331, as this case involves questions of federal law.

18.     This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. 1367(a) because those claims form part of the same case or controversy under Article I, Section 2 of the United States Constitution.

19.     Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendants are citizens of Virginia, operate in their official capacities in the Eastern District of Virginia, and all or most of the events giving rise to this action occurred in this District.

20.     Plaintiff likewise resides in this District.

## PARTIES

21.     Plaintiff Paul Goldman ("hereinafter Plaintiff") resides in Richmond, Virginia.

22.     Plaintiff is a qualified voter in the 68th General Assembly District.

23.     Plaintiff is considering a run for the House of Delegates.

24.     Defendant Ralph Northam is the Governor of Virginia. He is a resident of Virginia and his office is in Richmond, Virginia.

25.     The Virginia State Board of Elections is headquartered in Richmond, Virginia.

26.     Defendant Robert Brink is the Chair of the State Board of Elections. He is a citizen of the Commonwealth of Virginia. His office is in Richmond, Virginia. He is being sued in his official capacity.

27.     Defendant John O'Bannon is the Vice Chair of the State Board of Elections. He is a citizen of the Commonwealth of Virginia. His office is in Richmond, Virginia. He is being sued in his official capacity.

28.     Defendant Jamilah LeCruise is the Secretary of the State Board of Elections. She is a citizen of the Commonwealth of Virginia. Her office is in Richmond, Virginia. She is being sued in her official capacity.

29.     Defendant Christopher Piper is the Commissioner of the Virginia Department of Elections. He is a citizen of the Commonwealth of Virginia. His office is in Richmond, Virginia. He is being sued in his official capacity.

30.     Defendant Jessica Bowman is the Deputy Commissioner of the Virginia Department of Elections. She is a citizen of the Commonwealth of Virginia. Her office is in Richmond, Virginia. She is being sued in her official capacity.

31.     The Virginia State Board of Elections ("hereinafter State Board") is tasked by state law to ensure "legality and purity in all elections" and to "ensure that major risks

to election integrity are…addressed as necessary to promote election uniformity, legality and purity." Va. Code 24.2 103(A).

32. The Virginia Department of Elections is the operational arm used by the State Board to ensure that the State Board is fulfilling its duty to ensure the integrity, purity, and uniformity of state elections.

## **STATEMENT OF FACTS**

33. Article II, Section 6 of the Virginia Constitution has long required the boundaries of State Senate and House of Delegates electoral districts be redrawn every ten years.
34. The last redistricting occurred in 2011.
35. In November 2020, Virginia voters approved a new process for devising a new redistricting plan.
36. Voters created the Virginia Redistricting Commission to begin the process as described in Article II, Section 6-A of the Virginia Constitution.
37. Article II, Section 6-A lays out a detailed procedure for developing the required 2021 redistricting plan.
38. There are specific timelines intended to ensure the November 2021 general election will chose all members of the House of Delegates according to a redrawn electoral map in compliance not only with the Virginia Constitution but also the "Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States", and in addition the "Voting Rights Act of 1965, as amended" along with "judicial decisions interpreting" this enactments. Article II, Section 6 of the Constitution of Virginia.
39. Article II, Section 6 makes clear the new procedure did not alter the usual 10 year procedure, declaring the "Commonwealth shall be reapportioned into electoral districts in accordance with this section and Section 6 in the year 2021 and every ten years thereafter."
40. Article II, 6-A(g) says that if the Commission "fails to submit a plan for districts by the deadline" set in the law, then the "districts shall be established by the Supreme Court of Virginia."
41. Article II, 6-A says that if the "General Assembly fails" to take the action required as regards legislation to adopt a redistricting plan, then "the districts shall be established by the Supreme Court of Virginia."
42. Article II, 6-A(d) says the "Commission shall submit to the General Assembly plans for districts for the Senate and the House of Delegates of the General Assembly no later than 45 days following the receipt of census data."
43. The Constitution does not specifically define "census data."
44. The Virginia Redistricting Commission's (hereinafter "Commission") official website is virginiaredistricting.org.

45. According to the website in a post listing the date of February 12, 2021, the "Census Bureau makes announcement that redistricting data will be delivered to all the states by September, 2021."

46. The post referenced in paragraph #45 has attached an explanation from the Commission.

47. The explanation says the if "the Commission delivers Virginia's redistricting data on September 30, 2021, the Commission will be required to submit maps of these state legislative districts no later than Sunday, November 14, 2021."

48. The Commission says the Constitution of Virginia is clear and "for the House of Delegates the new districts are to be implemented for the general election on November 2, 2021."

49. But the Commission further says that "as noted" in its explanation, the "deadline for the Commission to submit the maps to the General Assembly could be…a full 12 days after the general election."

50. Given this possibility, the Commission says, "it is for the appropriate authority to determine how the Commission may fulfill its constitutional obligations."

51. However, while not found on the Commission website, and upon information oit appears the US Census Bureau has told the Commission the necessary census information will be supplied "by August 16th" of this year and, according to a news report found at https://www.wvtf.org/post/redistricting-commission-begin-drawing-districts-august-16.

52. This same news story quoted a member of the Commission saying "there's no way" to hold the general election on November 2 using the required redrawn redistricting maps for the House of Delegates.

53. Upon information and belief, the Commission has not sought any guidance from any Court as regards its failure to comply with its Constitutional obligations.

54. Upon information and belief, no "appropriate authority" has provided the Commission with any guidance, at least in terms of such guidance being shared with the general public.

55. Upon information and belief, those in charge of insuring that the laws of Virginia are faithfully executed and those in charge of overseeing the legality of state elections have decided to conduct the upcoming 2021 General Election for the House of Delegates that is substantially out of date and would do great harm to the principle of one person, one vote. See Paragraph # 70 *infra*.

**THE LAW OF THE CASE**

56. The Constitution of Virginia requires state legislative districts to be redrawn in a constitutionally acceptable manner in 2021 in time for the House of Delegate elections this November 3, 2021.

57. The Constitution of the United States, in Article I, Section 2, likewise says Virginia is required to complete the required constitutionally acceptable redistricting in 2021.

58. In *Reynolds v. Sims,* 377 U.S. 533, 568, the Justices said the "Equal Protection Clause" of the 14th Amendment to the United States Constitution applies to state legislative redistricting.

59. The Constitution of Virginia, as referenced herein, likewise says this Clause, as well as the Voting Rights Act of 1965, applies to state legislative redistricting plans. Paragraph 38, *supra*.

60. The federal courts may take judicial notice of the fact that the existing state legislative districts, created in 2011, violate the requisite provision in the U. S. Constitution and the Constitution of Virginia. See *Cosner.*

61. Although the official census bureau numbers are not yet available, Virginia has undergone significant population growth since the last census according to the experts at the University of Virginia. http://demographics.coopercenter.org/node/7143.

62. Richmond is estimated to have grown by more than 10%. Id.

63. Certain other areas have likewise experienced considerable growth. Id.

64. The seminal federal case in Virginia on the fact pattern in the instant case is *Cosner v. Dalton*, 522 F. Supp. 350 (1981).

65. This Court decided *Cosner* on August 25, 1981.

66. At the time, the state primary for those seeking to be either the Democratic or Republican nominee for a House of Delegate loomed on September 8, 1981.

67. The general election would be held on November 3, 1981.

68. In *Cosner*, the Court found the redistricting plan drawn by the General Assembly violated the Equal Protection Clause of the U.S. Constitution and the redistricting requirements in the Constitution of Virginia. *Cosner,* at 361.

69. As the Court observed, this meant, for all practical purposes, the election of members of the House of Delegates slated for November 3, 2021 meant the winners would be representing districts declared to be in violation of the federal and state constitutions.

70. As the Court declared, the "1971 (redistricting plan thus in use) is substantially out of date…(a)llowing elections to proceed under the 1971 Act would greatly disadvantage the citizens in Virginia's rapidly growing areas and would effect great harm to the principle of one person, one vote." ID at 363.

71. The Court considered postponing the House of Delegate elections but found such a postponement would lead to a "significantly lower" vote in the future House of Delegate election than would occur on the November 3 elections for the Governor (there being no reason to delay this vote.) Id.

72. "We believe that a strong and representative turnout for the House election depends on holding it on November 3." Id.

73. This left the Court with no practical choice except holding the General Election under the unconstitutional existing House of Delegate districts drawn 10 years earlier. Id.

74. They found "[i]nterim relief using an unconstitutional apportionment plan is permissible, when, as here, necessary election machinery is already in progress for an election rapidly approaching." (citations omitted). Id.

75. The Court said the appropriate state authorities should be able to develop a constitutionally acceptable redistricting plan in time for the November, 1982 elections.

76. "Because Virginia citizens are entitled to vote as soon as possible for their representatives under a constitutional apportionment plan, we will limit the terms of the members of the House of Delegates elected in 1981 to one year." Id at 364,

77. The *Cosner* Court further ordered the state to hold a "new election in 1982 for the House of Delegates under the General Assembly's new Act or our own plan." Id.

78. This in turn set in motion another election for the House of Delegates in 1983 as required by the state constitution.

## NATURE OF THE ACTION REQUESTED IN THIS CASE

79. Based on the foregoing analysis, this Court can take Judicial Notice of the fact, as contemplated by Rule 201 of the Federal Rules of Evidence, that those in charge of insuring the election laws of Virginia are faithfully executed intend to hold the upcoming November 3, 2021 General Election for all the members of the House of Delegates under the existing redistricting plan despite this violating the commands of both the federal and state constitutions.

80. Accordingly, Plaintiff is limiting his inquiry to the crucial legal issue addressed and decided by *Cosner*: to wit, will those elected to the House of Delegates this November be elected to serve for only a one-year, or will they be elected to the normal two-year term expiring in 2024?

## COUNT ONE: VIOLATION OF THE U.S. CONSTITUTION

81. For purposes of efficiency, Plaintiff incorporates by reference paragraphs 1 through 80 *supra*.

82. The failure to adopt the required redistricting plan violates Article I, Section 2 of the United States Constitution.

83. The state's plan to hold the upcoming general election for members of the House of Delegates using the existing state legislative districts violates the Equal Protection Clause of the 14th Amendment to the U.C. Constitution.

84. Since *Reynolds*, at paragraph # 58 *supra*, the U.S. Supreme Court has made clear Plaintiff's constitutional right to have his vote counted equally in matters of state action, the concept of equal representation for equal numbers of people a "fundamental goal" of our system of laws. *Wesberry v Sanders*, 376 U.S. (1964).

85. Plaintiff has a right to expect that state officials will ensure he has this equally weighted vote as soon as practical. *Cosner*, paragraph #76, *infra*.
86. The harm to plaintiff caused by any preventable dilution to his vote for representation in the House of Delegates cannot be reasonably denied by Defendants.
87. According to *Cosner,* plaintiff's protected core political rights should allow him to run for the House of Delegates in 2022, not being forced to wait until 2023 due to the failure of the appropriate state authorities to adhere to the requirements of the federal constitution.
88. For these reasons, Plaintiff believes the *Cosner* precedent mandates those elected this November are only being elected to a one-year term.
89. Plaintiff asks that the Court award such relief as it deems justified, including costs and attorney fees where appropriate.

## COUNT TWO: VIOLATION OF THE CONSTITUTION OF VIRGINIA

90. For purposes of efficiency, Plaintiff incorporates by reference paragraphs 1 through 89 *supra*.
91. The failure to adopt the required redistricting plan violates Article II, Section 6 and 6-A of the Constitution of Virginia.
92. The state's plan to hold the upcoming general election for members of the House of Delegates using the existing state legislative districts violates Article II, Section 6 and 6-A of the Constitution of Virginia.
93. Since *Reynolds*, at paragraph # 58 *supra*, the U.S. Supreme Court has made clear Plaintiff's constitutional right to have his vote counted equally in matters of state action, the concept of equal representation for equal numbers of people a "fundamental goal" of our system of laws. *Wesberry v Sanders*, 376 U.S. (1964).
94. Plaintiff has a right to expect that state officials will ensure he has this equally weighted vote as soon as practical. *Cosner*, paragraph #76, *infra*.
95. The harm to plaintiff caused by any preventable dilution to his vote for representation in the House of Delegates cannot be reasonably denied by Defendants.
96. According to *Cosner,* plaintiff's protected core political rights should allow him to run for the House of Delegates in 2022, not being forced to wait until 2023 due to the failure of the appropriate state authorities to adhere to the requirements of the federal constitution.
97. For these reasons, Plaintiff believes the *Cosner* precedent mandates those elected this November are only being elected to a one-year term.
98. Therefore Plaintiff's rights guaranteed under the Constitution of Virginia are being violated, inflicting harm on his exercise of important political rights.
99. Plaintiff asks that the Court award such relief as it deems justified, including costs and attorney fees where appropriate.

## **REMEDY**

For the reasons stated above, based upon fact and law, comes now the Plaintiff, *pro se*, asking this Honorable court for the following relief:

(A) Declaring the Commonwealth of Virginia, and those officials expected to protect the integrity of our election laws, to be in violation of the federal and state constitutions requiring the upcoming November 3, 2021 general election to elect members to the House of Delegates to be held under a constitutionally valid redistricting plan.
(B) Declaring that those elected to the House of Delegates on November 3, 2021 shall only be elected to one-year terms, such terms to expire one year after they officially begin.
(C) Ordering the Defendants to ensure that the Commonwealth of Virginia hold new elections for the House of Delegates at the same time as the general election to the House of Representatives, such election to be held pursuant to the constitutionally required redistricting plan.
(D) Such other relief as the Court deems required, including reimbursement of costs and attorney fees where appropriate.

Submitted by:

Paul Goldman

Pro se pro se

Richmond, Virginia

804 833 6313

*[signature]*

SIGNATURE

DATE: 25 June 2021