IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **Paul Goldman,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 3:21-CV-420 |
| | ) |
| **Ralph Northam, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANTS' RESPONSE TO OCTOBER 6, 2021 ORDER**

Last fall, Virginia voters approved a state constitutional amendment that fundamentally altered the way electoral districts in the Commonwealth are drawn. That new process has yet to run its course. In the meantime, state and local election officials continue to carry out their statutory obligations to conduct the election scheduled for November 2, 2021. As directed by statute, early voting for that election began three weeks ago. See Va. Code Ann. § 24.2-612.

All of these considerations—the new redistricting process in Virginia, as well as the practical realities of the current circumstances—bear on the responses Defendants have been ordered to provide in this litigation. More specifically, as directed by the Court's Order dated October 6, 2021 (ECF No. 28), Defendants respond that: (1) the authority to establish electoral districts is shared between the Virginia Redistricting Commission, the Virginia General Assembly, and the Supreme Court of Virginia; (2) the authority to schedule a general election rests with the General Assembly; and (3) the specific relief Plaintiff seeks may not be granted at this time.

**I.     Establishment of Electoral Districts in Virginia**

The constitutional amendment adopted last year sets forth the process for establishing electoral districts in Virginia. Three entities now share responsibility for carrying out that process:

(1) the Virginia Redistricting Commission; (2) the Virginia General Assembly; and (3) the Supreme Court of Virginia. Va. Const. art. II, § 6-A.

Section 6-A also establishes a specific procedure those entities must follow to establish electoral districts in Virginia. Va. Const. art. II, § 6-A. First, the Commission develops proposed district plans, and submits those district plans to the General Assembly. *Id.* § 6-A(d)-(g). If the Commission fails to submit district plans, or if the General Assembly fails to approve district plans, the Supreme Court of Virginia establishes the districts. *Id.* § 6-A(f)-(g).

By adopting this constitutional amendment, Virginia voters plainly chose to split "the authority to establish district plans" across three different entities, rather than centralize that power in one person or body. Under Virginia law, none of the named Defendants in this lawsuit is authorized to establish district plans.

## II. Scheduling General Elections

Under the Constitution of Virginia, "[t]he General Assembly . . . shall regulate the time, place, manner, conduct, and administration of . . . general . . . elections." Va. Const. art. II, § 4. In accordance with that authority, general elections are set by statute. *See* Va. Code Ann. § 24.2-101 (establishing a "general election" as "held in the Commonwealth on the Tuesday after the first Monday in November or on the first Tuesday in May"). Accordingly, as a matter of Virginia law, none of the named Defendants in this lawsuit is authorized to schedule or order a general election because that authority rests with the Virginia General Assembly.

## III. Authority to Provide the Relief Plaintiff Seeks

With respect to "who in the government of Virginia" may "provide the relief that Plaintiff seeks," Defendants note that Plaintiff's claims suffer from several procedural defects that preclude the Court from granting the requested relief. Plaintiff has failed to properly invoke federal

jurisdiction for the claims alleged, and principles of federalism dictate that Virginia's new constitutional amendment process should be permitted to proceed. At the very least, to the extent Defendants' Motion to Dismiss is denied, these significant prudential concerns weigh strongly in favor of deferring any further adjudication of Plaintiff's claims until the ongoing election has concluded.

*First*, as Defendants have previously explained, the Eleventh Amendment plainly bars all of Plaintiff's claims. Under binding precedent, this Court may not order any relief under the Constitution of Virginia because the Eleventh Amendment prohibits federal courts from enforcing state-law requirements. See *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law."); see also ECF No. 24 at 9–10 (arguing that Eleventh Amendment bars claims in federal court "to enforce compliance with state law"). To the extent Plaintiff relies on the *Ex parte Young* exception to Eleventh Amendment immunity, the Second Amended Complaint fails to name any proper defendants who may be subject to suit in these circumstances. See ECF No. 24 at 5–9. As has always been the case, implicit in the Eleventh Amendment is the presumption that state courts are fully capable of adjudicating constitutional claims.[1]

*Second*, the process that now governs redistricting in Virginia is brand new and has never before been implemented in the Commonwealth. Earlier this year, the Commission was convened and began preparing to carry out its duties within the schedule contemplated by the new

---

[1] This is not the first time that Defendants have raised these significant jurisdictional issues. Even though Defendants asserted the Eleventh Amendment in response to the First Amended Complaint, see ECF No. 13 at 8–12, the Second Amended Complaint fails to address the issue. See also ECF No. 17 (ruling that no further amendments will be granted).

3

amendment. Due to unprecedented delays outside the Commonwealth's control, however, the Commission has not completed its work, and the applicable deadlines under Section 6-A of the Constitution of Virginia have not yet expired. See Va. Const. art. II, § 6-A(d)-(g). This new state-law process should be permitted to run its course as contemplated by the Constitution of Virginia without intervention by the federal courts. See *Democratic Nat'l Comm. v. Wisconsin State Legislature*, 141 S. Ct. 28 (2020) (Roberts, C.J., concurring in denial of application to stay) (rejecting "federal intrusion on state lawmaking processes"). Along the same lines, the Court should decline to award any relief or issue any rulings at this juncture that may have the potential to interfere with or undermine confidence in the ongoing election. At this point, it would not be possible to make any changes to the districts or electoral races that are currently being considered by Virginia voters—ballots have already been printed, early voting began three weeks ago, and the election is under way. Cf. *Cosner v. Dalton*, 522 F. Supp. 350, 364 (E.D. Va. 1981) (refusing to change apportionment plan in August for upcoming November election because "necessary election machinery [wa]s already in progress for an election rapidly approaching").

*Finally*, Plaintiff has failed to request a three-judge Court pursuant to 28 U.S.C. § 2284. To the extent Plaintiff's suit "challeng[es] the constitutionality of . . . the apportionment of [a] statewide legislative body," a "district court of three judges" may be required. *Id.* See also *Reynolds v. Sims*, 377 U.S. 533, 545 (1964) (decided by a "three-judge District Court"); *Cosner*, 522 F. Supp. at 353 (decided by three-judge Court).

Accordingly, in response to the Court's question, Defendants respectfully submit that "the relief that Plaintiff seeks" may not be issued at this time.

Dated: October 8, 2021                        Respectfully submitted,

                                                      RALPH NORTHAM
                                                      ROBERT H. BRINK
                                                      JOHN O'BANNON
                                                      JAMILAH D. LECRUISE
                                                      VIRGINIA STATE BOARD OF ELECTIONS
                                                      CHRISTOPHER E. PIPER

                                                      By:    */s/ Jessica Merry Samuels*
                                                         Jessica Merry Samuels (VSB #89537)*
                                                         *Counsel to the Attorney General*

| | |
|---|---|
| Mark R. Herring | Calvin C. Brown (VSB #93192)* |
| *Attorney General* | *Assistant Attorney General* |
| | |
| Erin B. Ashwell (VSB #79538) | Carol L. Lewis (VSB #92362)* |
| *Chief Deputy Attorney General* | *Assistant Attorney General* |
| | |
| Donald D. Anderson (VSB #22114) | Brittany A. McGill (VSB #92401)* |
| *Deputy Attorney General* | *Assistant Attorney General* |
| | |
| Heather Hays Lockerman (VSB #65535) | Office of the Attorney General |
| *Senior Assistant Attorney General* | 202 North Ninth Street |
| | Richmond, Virginia 23219 |
| | (804) 786-6835 – Telephone |
| | (804) 371-0200 – Facsimile |
| | JSamuels@oag.state.va.us |

*\*Attorneys for Ralph Northam, Robert H. Brink, John O'Bannon, Jamilah D. LeCruise, and Christopher E. Piper, in their official capacities, and the Virginia State Board of Elections*

## **CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that on October 8, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. A true copy was also sent, via first class mail and electronically, to:

Paul Goldman
PO Box 17033
Richmond, VA 23226
*Pro se Plaintiff*

*/s/ Jessica Merry Samuels*
Jessica Merry Samuels (VSB #89537)
*Counsel for Defendants*
