IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| Paul Goldman, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 3:21-CV-420 |
| | ) |
| Ralph Northam, et al., | ) |
| | ) |
|     Defendants. | ) |

## DEFENDANTS' RESPONSE TO OCTOBER 8, 2021 ORDER

Defendants submit the following response to the Court's Order dated October 8, 2021 (ECF No. 34).

    1.    The Attorney General has not been named in this lawsuit or otherwise appeared as a party. The Defendants who have been named—the Governor, the State Board of Elections, and individual State Elections Officers—are not involved in the opinions process authorized by Virginia Code § 2.2-505. Under that process, opinion requests received by the Office of the Attorney General are considered attorney/client privileged requests for legal advice. As such, the Office does not discuss or offer comment on any pending requests except with the requestor. It has been publicly reported that Delegate Lee Carter requested an opinion on redistricting related matters. To date, the Office has not released any public opinion on that matter.

    2.    The Virginia Code does not require that the Office of Attorney General provide opinions.[1] Rather, the text of the statute uses language of exclusion, not compulsion. Code

---

[1] As a procedural matter, Stanfield's motion to intervene was denied, and Stanfield is not a party to this case. See ECF Nos. 31, 32. In addition, Plaintiff's claims should be dismissed pursuant to Rule 12(b)(1), and any further consideration of those claims might require a three-judge Court pursuant to 28 U.S.C. § 2284. See ECF No. 24 at 5–10; ECF No. 36 at 4.

§ 2.2-505 states that the Attorney General's official opinions may be issued "only" in response to written requests from certain categories of officials. Va. Code Ann. § 2.2-505(A). The second subsection of the statute further restricts the Attorney General's authority to issue official opinions by limiting the subject matter on which he is permitted to opine and the content of requests to which he is authorized to respond. Va. Code Ann. § 2.2-505(B).

With respect to timing, Code § 2.2-505 does not compel a response or set any deadlines on the Attorney General's consideration of requests for advisory opinions. Review can take anywhere from a few weeks to over a year depending on the complexity of the issue, the underlying facts, and the workload of the attorneys involved. Each request is given individual consideration, so whether and when an opinion is issued necessarily varies.

Under Code § 2.2-505, the Attorney General has a longstanding practice of exercising discretion to decline, when appropriate, to respond to requests for official advisory opinions, including requests from legislators. For example, Attorneys General routinely decline opinion requests that are committed to the jurisdiction of another body, or when the question is the subject of ongoing litigation—as has been the case for certain redistricting related matters since this lawsuit was filed in June.[2] Throughout the many decades that the Attorney General has followed this practice, the General Assembly has never changed the statute to require a different result and has accordingly acquiesced in what is now settled policy. See *Beck v. Shelton*, 593 S.E.2d 195, 200 (Va. 2004) ("The legislature is presumed to have had knowledge of the Attorney General's interpretation of the statutes, and its failure to make corrective amendments evinces legislative

---

[2] See, *e.g.*, 1994 Op. Va. Att'y Gen. 9, 12 n.1 (declining to render opinion on "a matter reserved by the Supreme Court Rules to the State Bar itself"); 2012 Op. Va. Att'y Gen. 17, 24 n.1 ("Under longstanding principles, this Office will decline to opine on matters that are in pending litigation.").

2

acquiescence in the Attorney General's view."). Moreover, as head of the Department of Law, the Attorney General's interpretation of Code § 2.2-505 "is entitled to great weight," *Yamaha Motor Corp., U.S.A. v. Quillian*, 571 S.E.2d 122, 126 (Va. 2002), particularly when no Virginia court has ever weighed in or said otherwise.

    c.    Regardless of what Code § 2.2-505 may say, fundamental principles of federalism and comity dictate that federal courts may not supervise or direct a state official's exercise of his or her discretionary authority as a matter of state law. In *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984), the Supreme Court of the United States made clear that the Eleventh Amendment does not allow federal courts to entertain "a suit against state officials on the basis of state law." *Id.* at 106; see also *Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 228 (4th Cir. 1997) (holding that "a claim seeking injunctive relief for a state official's violation of state law . . . is barred by the Eleventh Amendment under *Pennhurst*"). The "limit on federal judicial power" imposed by the Eleventh Amendment "is an essential element of the constitutional design, as immunity accords the States the respect owed them as members of the federation, and protects the States' ability to govern in accordance with the will of their citizens." *Bragg v. W. Virginia Coal Ass'n*, 248 F.3d 275, 291 (4th Cir. 2001). That is all the more true where the state official in question is an independently elected constitutional officer, as is the case with the Governor (who is a party to this case) and the Attorney General (who is not). See Va. Const. art. V.

    3.    In response to the Court's final question, see ECF No. 34 at 2–3, Defendants are of the view that Plaintiff has not—and cannot—carry his burden with respect to standing in the current circumstances. The only injury alleged in the Second Amended Complaint is that Plaintiff "is contemplating" running for office. ECF No. 18 ¶ 57. Plaintiff does not go so far as to say that he actually *intends* to run for office, merely that he is considering it. And even if he had, a "few

words of general intent" are not enough "to show an injury in fact." *Carney v. Adams*, 141 S. Ct. 493, 501 (2020). To satisfy Article III, Plaintiff would need to establish that he is "able and ready" to pursue public office. *Id.* Plaintiff has failed to make any such showing here, and as a result, he is no more entitled to federal court adjudication than the "general population of individuals" who "believe[] that the government is not following the law." *Id.* at 501–02; accord *Wittman v. Personhuballah*, 578 U.S. 539 (2016) (candidates challenging electoral districts lacked standing where they failed to show that "their chances of reelection will . . . be reduced").

Nor has Plaintiff claimed or demonstrated any other kind of harm. At no point in the Second Amended Complaint does Plaintiff allege an intent to vote in the upcoming election—only that he is "qualified" to vote and is considering whether to run for office in the future. ECF No. 18 ¶¶ 56–57. Without even a stated intent of this kind, Plaintiff cannot establish injury in his capacity as a District 68 voter. In any event, the redistricting process in Virginia remains ongoing. New electoral districts have yet to be determined and are currently being considered as directed by the Constitution of Virginia. Without new district plans to compare, it is impossible to know whether Plaintiff will suffer any constitutionally cognizable harm. Plaintiff's claimed injury is therefore too speculative to satisfy Article III at this time. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013). Plaintiff's lack of standing provides yet another reason why this lawsuit should be dismissed.

Dated: October 9, 2021						Respectfully submitted,

							RALPH NORTHAM
							ROBERT H. BRINK
							JOHN O'BANNON
							JAMILAH D. LECRUISE
							VIRGINIA STATE BOARD OF ELECTIONS
							CHRISTOPHER E. PIPER

By:    */s/ Jessica Merry Samuels*
       Jessica Merry Samuels (VSB #89537)*
       *Counsel to the Attorney General*

Mark R. Herring
   *Attorney General*

Erin B. Ashwell (VSB #79538)
   *Chief Deputy Attorney General*

Donald D. Anderson (VSB #22114)
   *Deputy Attorney General*

Heather Hays Lockerman (VSB #65535)
   *Senior Assistant Attorney General*

Calvin C. Brown (VSB #93192)*
   *Assistant Attorney General*

Carol L. Lewis (VSB #92362)*
   *Assistant Attorney General*

Brittany A. McGill (VSB #92401)*
   *Assistant Attorney General*

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-6835 – Telephone
(804) 371-0200 – Facsimile
JSamuels@oag.state.va.us

*\*Attorneys for Ralph Northam, Robert H. Brink, John O'Bannon, Jamilah D. LeCruise, and Christopher E. Piper, in their official capacities, and the Virginia State Board of Elections*

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that on October 9, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. A true copy was also sent, via first class mail and electronically, to:

Paul Goldman
PO Box 17033
Richmond, VA 23226
*Pro se Plaintiff*

/s/ Jessica Merry Samuels
Jessica Merry Samuels (VSB #89537)
*Counsel for Defendants*
