

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MOTION FOR RECONSIDERATION OFDENIAL OF PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTION**

| | |
|---|---|
| Paul Goldman | ) |
| | ) |
| | ) |
| *Pro se* | ) |
| | ) |
| Plaintiff. | ) |
| | ) |
| v. | )  Civil Action No. 3:21-cv-420 |
| | ) |
| Robert Brink, Chairman of the State Board | ) |
| of Elections, in his official capacity, | ) |
| John O'Bannon, Vice Chair of the State | ) |
| Board of Elections, in his official capacity, | ) |
| Jamilah D. LeCruise, Secretary of the State | ) |
| Board of Elections, in her official capacity, | ) |
| Christopher Piper, Commissioner of the | ) |
| State Board of Elections, in his official | ) |
| capacity, | ) |
| | ) |
| Defendants. | ) |

### MOTION FOR RECONSIDERATION OF THE DENIAL OF PLAINTIFF'S MOTION FOR A TEMPORARY INJUNCTION

Now comes Plaintiff Paul Goldman, *pro se*, requesting a reconsideration of the denial of his Motion for a Temporary Injunction based on the fact the Defendants and the *pro se* Plaintiff have different interpretations of a state statute that, on its face, seems to prohibit the issuance of the certificates of election at issue in this matter.

### ARGUMENT IN SUPPORT OF THIS MOTION FOR RECONSIDERATION

1.  *Pro se* Plaintiff filed his Motion For a Temporary Injunction by first class mail on November 17, sending a true copy by mail to the Defendants on the same day. The Court filed and entered Plaintiff's Motion into PACER on November 19.

2.  Likewise, according to PACER, Defendants filed their response electronically on November 19, 2021, sending a true copy by mail to *pro se* Plaintiff.

3.  The Court entered the Motion into PACER on the same day.

4.  November 19th is a Friday.

5.   According to PACER, the Court's order was filed and entered on November 23, 2021.

6.   Plaintiff did not see his mailed copy of the Defendant's response until November 23, 2021.

7.   Therefore, Plaintiff is filing this Motion For Reconsideration only four business days from the date the Defendants filed their response.

8.   Defendants' Response indicates "the members of the SBE signed the required certificates of election" on "Monday, November 15, 2021." Response, paragraph #3.

9.   Defendants' Response says the SBE, through the Department of Elections, transmitted the signed certificates of election on Tuesday, November 16, 2021. Response, paragraph #4.

10.  According to Defendants' Response, the "SBE [was] required…without delay" to "complete and transmit the certificates under its seal of office," citing Va. Code Section 24.2-680 and its language as the statutory authority for their assertion. Response, paragraph #2, fn. 2.

11.  With all due respect to the Defendants and their able counsel, *pro se* Plaintiff believes this is not the correct interpretation of the statute cited as the authority for the actions of the Defendants (hereinafter the "Herring Defendants").

12.  In pertinent part, Va. Code Section 24.2-680, titled "Certificates of election" says the following very clearly: "***Subject to the requirements of [Virginia Code Section] 24.2 948.2***, the State Board shall without delay compete and transmit to each of the persons declared to be elected a certificate of his election, certified by it under its seal of office." (Emphasis added).

13.  Accordingly, there is a clearly defined condition precedent to the authority of the SBE, and the Herring Defendant Members of the SBE, before they can legally sign these certificates and issue them under the authority of state.

14.  There is furthermore a reason for this condition precedent as Va. Code Section 24.2-948.2 makes clear.

15.  In pertinent part, Va. Code Section 24.2-948.2A says the following very clearly: "A. No person shall be permitted to qualify for any office…until he has filed the campaign finance reports required in subdivision A 3 through ***A 9 of [Virginia Code Section] 24.2 947.6***." (Emphasis added).

16.  The clear state policy is to ensure those who qualify for any office, or receive any such power or authority thereof, must have first complied with the required campaign finance reports, to give the Department of Elections and the SBE time to review said reports before being issued the official certificates of election.

17.  Indeed, Virginia Code Section 24.2 948.2A makes this clear to the Herring Defendant members of the SBE: ***"[n]o officer authorized*** by the laws of the Commonwealth to issue certificates of election ***shall issue*** one to any person determined to have been elected to any such office, ***until copies of the reports cited above have been filed as required in this article***."

18.  Accordingly, *pro se* Plaintiff believes a plain reading of the term "[no] officer" in Virginia Code applies to the Herring Defendant members of the SBE.

19.   Va. Code Section 24.2-946.7 says clearly: "A.9. Not later than thirtieth day after the November election date complete through the twelfth day after the election date."

20.  Thus, the report referenced in A.9 must include reportable campaign finance activity through November 25, 2021.

21.  However, as Defendants' state in their Response, the Herring Defendant members of the SBE signed the certificates on November 15, 2021, and the SBE, through the Department of

Elections, transmitted the signed certificates on November 16, 2021. *Supra*, paragraphs #8 and #9.

22.      Therefore, at the time Plaintiff filed his Motion for Temporary Injunction and at the time it was entered into PACER, the report required in paragraph # 19 could not have legally been filed by those who were sent the certificates of election at issue in this instant matter.

23.      Since state officials are to be presumed to have acted according to the law, this means that the Herring Defendant members of the SBE did not believe the filing of the report required by Va. Code Section 24.2-947.A9 was a condition precedent to their having the authority to sign and issue a certificate of election to a candidate for the House of Delegates.

### REMEDY

Now comes Plaintiff, *pro se*, asking the Court, for full and sufficient reason, to reconsider its denial of the Motion For Temporary Injunction, and to order the following, all in the public interest and without any harm to the Defendants:

(1) Rescind the Order issued November 23, 2021; and

(2) Declare the certificates of election previously issued null and void: and

(3) Issue a Temporary Injunction as originally requested by Plaintiff; and

(4) Order the Herring Defendants to explain the reasons they do not believe the filing of the report required by Virginia Code Section 24.2-947.6A.9 is a condition precedent to the issuance of the certificates of elections at issue in this instant matter; and

(5) Further Order the Herring Defendants to explain why they believe they have the authority to declare those elected to the House of Delegates this past November 2, 2021, are entitled to a two-year term when Virginia Code Section 24.2-680 948.2A merely says the SBE shall issue a "certificate of his election" with no reference to any term length; and

(6) Further Order the Herring Defendants to explain why when filing two Motions to Dismiss on the grounds the Defendants had no power to impact in any way the relief requested by Plaintiff (key to their 11th Amendment defense), they failed to mention they intended to use their power, right after the election, to put the Commonwealth of Virginia's authority behind the claim that those elected in unconstitutional districts in 2021 had the right to serve until the beginning of the 2024 Session of the General Assembly, a position unprecedented in Virginia or any state since *Reynolds v. Sims*, 377 U.S. 533 (1964) and for which Herring Defendants have not cited any such authority in the many months of this litigation; and

(7) Or, in the alternative to (3) through (6), Order an immediate hearing on such matters.

Submitted by,

Paul Goldman
Plaintiff
*Pro se*
Post Office Box 17033
Richmond, Va 23226
804.833.6313
Goldmanusa@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2021, this Motion For Reconsideration Of Denial Of Plaintiff's Motion For A Temporary Injunction was filed with the Clerk of the Court. A true copy has also been sent, via first class mail, to:

> Brittany Record
>
> Carol Lewis
>
> Brittany McGill
>
> 202 North 9th Street
>
> Richmond, VA 23219

Submitted,

Paul Goldman

*Pro se*

Post Office Box 17033

Richmond, VA

804.833.6313

Goldmanusa@aol.com