EASTERN DISTRICT OF VIRGINIA
Richmond Division

PAUL GOLDMAN,

    Plaintiff,

v.   Case No. 3:21-cv-420

ROBERT H. BRINK, et al.,

    Defendants.

## MOTION TO PRODUCE RECORDS CREATED BY AND IN THE POSSESSION OF THE DEPARTMENT OF ELECTIONS OR THE STATE BOARD OF ELECTIONS

Now comes *pro se* Plaintiff, bringing this motion to ask the Defendants to produce records they uniquely have in their possession, the information in such records they have refused to voluntarily produce even though they claim this information is vital to the fair and equitable resolution of this litigation.

1. The Defendants Motion to Dismiss has attached a sworn Declaration from one of the Defendants, the Commissioner of Elections. ECT 77, Exhibit 1.

2. According to the Declaration, the Commissioner claims she does not know, or at least she refused to state, whether or not Plaintiff voted in the 2021 General Election in the old House District 68.

3. Defendants claim knowing this voter history is vital to this litigation; indeed, they claim they must win if Plaintiff did not vote in the November 2, 2021, general election. ECF 77.

4. Yet at all times since the state received the records of who voted or did not vote in that general election, the Department of Elections and/or the Virginia State Board of Elections

had access to the very information they claim to need, to wit: showing Plaintiff voted last year's general election. Chapter 4 of Title 24.2 of the Code of Virginia.

5. Plaintiff is not required to stipulate facts he knows, with certainty, Defendants already possess, but for the reason explained in Plaintiff's Notice to Court, refused to stipulate unless Plaintiff provided them with additional unspecified evidence to their satisfaction, even though Plaintiff could only get the official state record from state agencies overseen by Defendants. ECF 72.

6. The official state registered voter list is required by law to be compiled and protected by the Department of Elections under the general supervision of the Virginia State Board of Elections.

7. Accordingly, when the Commissioner, in her Declaration, said she could confirm that Plaintiff was indeed a registered voter at the address given in his original complaint, and she could confirm the last time he had registered, she seemingly found this information on the official state voter registration list.

8. This list also contains voter history, such information regularly sold for profit by the Department of Elections. See paragraph # 4, *supra*.

9. As Defendants should know, Plaintiff could not have said he had voted in the 2021 General Election when filing his Complaint, as that Election had not yet been held.

10. At the October 12, 2021, hearing, the Court asked Plaintiff whether he intended to vote in the upcoming November 2021 general election, the transcript in the possession of, or available for access on PACER by the Defendants, "The Court: I just want to ask you. Do you intend to vote (in the upcoming November general election)?" JA 087.

11. "Mr. Goldman: Yes, I have always voted except once." Id.

12.     *Pro se* Plaintiff has not purchased a copy of the March 21, 2022, hearing transcript but upon information and belief, he remembers being asked by the Court whether he had indeed voted last November 2, 2021.

13.     Upon information and belief, Plaintiff said "yes," since he had indeed voted at his assigned precinct.

14.     Thus, at the March 21 hearing, lawyers for the Defendants could have known, had they wanted to know, whether Plaintiff had voted especially since this information was important enough to them to be addressed in their upcoming April 1, 2022, filing.

15.     In her Declaration, the Commissioner says, "I make this Declaration regarding the facts personally known to me that are relevant to the Plaintiff's standing or lack thereof in this case. Defendants attempted to reach agreement with Plaintiff to stipulate these facts but were unable to do so." Point # 2 of her Declaration.

16.     What was said in Point # 2 by Defendant is cleverly written.

17.     But given the legal position of Defendants on the date of this Declaration whether Plaintiff actually voted is clearly, in their words, "relevant to the Plaintiff's standing" in this matter, not of course that having actually voted isn't actually a standing requirement in a *Reynolds* challenge (see the other Motion filed today by Plaintiff).

18.     Accordingly, Plaintiff now files this Motion to ask the Court to compel production of the records in the unique possession of Department of Elections and/or the State Board of Elections, such records proving Defendant did vote last November 2, 2021, such information easily and readily available to Defendants as the top officials and the custodians of those records.

19. Moreover, given the Declaration by the Commissioner, her response raises a germane issue likewise requiring further action by the Defendants.

20. The Commissioner says Plaintiff has been "redistricted into the House of Delegates District 78." Point # 5 in the Declaration.

21. This happened on December 28, 2021, by action of the Supreme Court of Virginia, such new district referenced in the Stipulation of Facts. ECF 73

22. House District 78 is now the only district from which Plaintiff is legally entitled to have his rights under *Reynolds v. Sims,* 377 U.S 533 (1964).

23. Thus, the *Reynolds'* rights of Plaintiff, in terms of the House of Delegates, is to be exercised, through the individual elected to serve the 78th District, such being how things have been done in the history of Virginia, at least surely since *Reynolds*.

24. According to the official website of the General Assembly of Virginia, House District 78 is represented by Mr. James Leftwich Jr.

25. Plaintiff does not recall seeing Mr. Leftwich's name on the ballot when he voted in November.

26. Moreover, according to the website, Mr. Leftwich appears to live in Chesapeake, Virginia, which as the Commissioner knows, is in Tidewater, approaching a hundred miles away from Richmond.

27. Clearly Mr. Leftwich doesn't live in the 78th district assigned to Plaintiff.

28. Presumably, he refers to the old 78th District which however no longer legal exists.

29. Indeed, Defendants are claiming the redistricting of Plaintiff into House District 78 has mooted the case irrespective of any constitutional harm Plaintiff may have suffered at the time of last year's election.

30. The federal Constitution guarantees Plaintiff a state government created as a republican form of government, a fundamental requirement of said form of government being that the citizens have the right, whether exercised or not, to elect those representing their legitimate interest in the state legislature. *In re Duncan* 139 U.S. 449 (1891).

31. According to *Reynolds*, a "representative bod(y)" must be constitutionally apportioned.

32. Thus, by operation of the federal constitution and the state constitution, Plaintiff has a constitutional right to be represented by someone elected to represent the 78th House

33. District where he is now assigned.

34. The Virginia State Board of Elections has issued certificates of election to Mr. Leftwich and others, such certificates upon information and belief stating which Legislative Districts said Delegate is entitled to represent, the issue of such certificates previously challenged by Plaintiff as being issued in violation of the law. ECF 56.

35. Indeed, since the Commissioner says the new legal districts took effective on December 28, 2021 and the current members of the General Assembly were sworn into office several weeks later in early January, 2022, Plaintiff wants to know the force and effect of election certificates if they don't say said member was elected in a legal existing district at the time he or she took the oath of office on the floor of the House of Delegates.

36. Plaintiff herein asks the Court to compel Defendants, as the state's top election officials, to produce the documentation to show who was elected to represent his 78th House

District, as his constitutional right to equal representation in the House of Delegates can only be exercised through the individual dually elected for that purpose by the voters. *Reynolds, supra.*

37. Plaintiff further herein asks the Court to compel the Defendants, as the state's top election officials, to produce the documentation showing those sworn into office at the beginning of the 2022 House of Delegates session had documentation issued by the state demonstrating they had won the right to be sworn into office to represent the legally constituted districts of the state of Virginia at the time they were sworn into office, since, while the state constitution may give the House of Delegates some authority over determining who is or may not be qualified to serve in the body, the 14th Amendment and First Amendments of the Constitution of the United States are superior law, such that no provision of state law or a state constitution can override the rights of the people to equal representation through constitutionally sound state legislative as found by *Reynolds*.

## ACTION REQUESTED

Accordingly, Plaintiff respectfully requests by no later than April 25 that Defendants, individually and collectively, be compelled to work together to produce the information requested, such information to be found in one or more documents in unique possession of either the Department of Elections and/or State Board of Elections and to provide the Court with certified copies of such official documents or explain why this is not possible.

Dated: April 20, 2022

Respectfully submitted,

Paul Goldman
P.O. Box 17033
Richmond, Virginia 23226
804.833.6313
Goldmanusa@aol.com
*Pro se*

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on April 20, 2022, I ~~filed~~ MAILED the foregoing ~~with~~ TO the Clerk of Court. A true copy was sent, via ~~first-class mail, to:~~ ELECTRONIC MAIL TO

Andrew N. Ferguson
Steven G. Popps

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-7704 – Telephone

_____
Paul Goldman
*Pro se* Plaintiff